UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY ROSSI,<br><br>Defendant. | Case No. 3:17-cv-191-J-34MCR  |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. This is an action for a judgment under 28 U.S.C. § 2201, seeking a declaration that the Life Insurance Conditional Receipt that Plaintiff Principal National Life Insurance Company provided to Louis R. Rossi is void and that no coverage exists in favor of Defendant Kimberly Rossi.

### PARTIES

2. Plaintiff Principal National Life Insurance Company ("Principal") is a citizen of the State of Iowa, in that it is an insurance company incorporated under and existing pursuant to the law of the State of Iowa and it maintains its principal place of business in Des Moines, Iowa.[1] Principal is authorized to conduct and is conducting business as an insurer in the State of Florida.

---

[1] Under 28 U.S.C. § 1332, a corporation is "deemed" to be a citizen of its state of incorporation and its principal place of business for purposes of diversity.

3. Upon information and belief, Defendant Kimberly Rossi ("Defendant") is a resident of St. Augustine, Florida, and a citizen of the State of Florida. She was to be the named beneficiary in a life insurance policy sought by Louis R. Rossi as part of an "employee welfare benefit plan" governed by The Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

## JURISDICTION AND VENUE

4. The Court has original jurisdiction of this action under 28 U.S.C. § 1332 as a civil action between citizens of different states and the amount in controversy is in excess of $75,000.00.

5. Venue is proper under 28 U.S.C. § 1391 because Defendant resides, and a substantial part of the events or omissions giving rise to the claim occurred, in this judicial district.

6. Principal seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## FACTUAL ALLEGATIONS

### The Application Process

7. On October 18, 2016, Louis R. Rossi ("Decedent") initiated the application process for a life insurance policy, with a face amount of $250,000, by beginning to complete Principal's Life Insurance Application (the "Application").

8. Decedent died on October 19, 2016, the day after initiating the application process.

9. Decedent applied for coverage in connection with his employment relationship with Virtual Business Management Solutions ("VBMS").

10. The initial premium deposit of $40.11 was to be paid from a VBMS business account, but the payment never occurred.

11. Part A of the Application lists Defendant as the only beneficiary.

12. Part B of the Application was to be filled out during a subsequent telephone interview. That interview did not take place, and Part B was not completed for Decedent's Application.

13. The Application also required medical testing before it would be complete. No medical tests were conducted as part of the application process prior to Decedent's death.

14. Regarding coverage under any subsequently issued policy, Part C of the Application, signed by Decedent, states:

> **When Policy Coverage Becomes Effective:** I understand and agree that if a policy is issued as applied for with a premium deposit paid, policy coverage will become effective as of issuance. The Company agrees to pay any proceeds pursuant to policy terms subject to the acceptance of the proposed owner and signing of Part D, if applicable.

15. Part C of the Application also provides:

> **Limitation of Authority:** I understand and agree that no agent, broker, licensed representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights.

16. No policy coverage ever became effective as a result of the Application because no policy was ever issued.

### The Life Insurance Conditional Receipt

17. At the time Decedent initiated the application process, he received a Life Insurance Conditional Receipt (the "Conditional Receipt"). Part C of the Application acknowledges receipt of the Conditional Receipt and that he "read, underst[oo]d, and agree[d] to its terms."

18. Similar to Part C of the Application, the Conditional Receipt provides, in part:

> **AUTHORITY:**
> This Receipt is not a "binder." No agent, broker, licensed representative, medical examiner, or telephone interviewer may accept risks, determine insurability or bind the Company in any way. No agent, broker, or licensed representative may waive or change any terms of the Receipt, or of the policy(ies) applied for, or any other rights of the Company.

19. Regarding coverage, the Conditional Receipt states:

**TERMS AND CONDITIONS:**

**The Company will pay a death benefit to the beneficiary named in the Application if the proposed insured or the surviving Proposed Insured under survivorship life insurance dies while this Conditional Receipt is in effect, subject to the terms and conditions set out below.**

**1.   CONDITIONS PRECEDENT**

**All of the following conditions must be fulfilled exactly. Otherwise there will be NO insurance under this Receipt and the Receipt is void:**

a)   On the Start Date, all Proposed Insureds must be living and insurable, as determined by our underwriters under our underwriting guidelines. If a condition affecting such insurability existed in fact on the Start Date, it shall be considered in the determination of insurability.

b)   The premium deposit must be at least one full month's premium for each policy applied for.

c)   If the premium deposit is paid at the time the Application is signed, then this Receipt must be issued at the same time as the Application.

d)   The premium deposit must be received in our Home Office and must be honored on first presentment for payment.

20. The Conditional Receipt defines the "Start Date" of coverage as follows:

**DATE COVERAGE BEGINS**

If all of the **Conditions Precedent** set forth in this Receipt are fulfilled exactly, insurance under this Receipt takes effect on the Start Date. The **Start Date** is the date up on which all of our initial Application requirements are completed. Our initial Application requirements consist of full completion and signing of the Application

5

and all necessary supplements, completion of the telephone application interview, if applicable, and completion of any medical exams and tests required by our published rules.

21. Decedent died prior to completing Principal's "initial Application requirements," including the telephone interview (during which Part B of the Application, containing questions about his lifestyle, occupation, and medical history, would have been completed), and providing blood and urine samples (that would have been tested and the results of which would have been considered in determining whether, and at what premium rate, to issue Decedent a policy).

22. There was never a "Start Date" as defined in the Conditional Receipt.

23. Because Decedent was not "living and insurable" "[o]n the Start Date," he did not satisfy the Conditions Precedent in the Conditional Receipt, and no coverage ever took effect under it.

## COUNT I – DECLARATORY JUDGMENT

24. Principal incorporates in Count I the allegations in paragraphs 1 through 24.

25. No policy was ever issued to Decedent based on the Application that was initiated on October 18, 2016, but never completed.

26. Because the conditions precedent were never met, no life insurance coverage was ever effective under the Conditional Receipt, and the Conditional Receipt was and remains void by its own terms.

27. Principal is therefore entitled to a judicial declaration stating: (a) no life insurance policy exists as a result of Decedent's October 18, 2016 initiation of Principal's application process, and (b) the Conditional Receipt is void and has never provided coverage.

WHEREFORE, Principal prays of this Honorable Court:

(a) declare that no policy was issued as a result of Decedent's Application;

(b) declare the Conditional Receipt void; and

(c) provide Principal such other relief as this Court deems just and proper.

Respectfully submitted this 20th day of February 2017.

Respectfully submitted,

*Edward M. Holt*

Edward M. Holt (Fla. Bar No. 0120473)
*Attorney for Plaintiff, Principal National Life Insurance Company*

**Of Counsel:**
MAYNARD, COOPER, AND GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Phone: 205.254.1000
Fax: 205.254.1999
tholt@maynardcooper.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**
Kimberly Rossi
401 Lookout Point Drive
Saint Augustine, Florida 32080-6136